FILED
SUPERIOR COURT
OF GUAM

2023 DEC 26 PM 4: 55

CLERK OF COURT

BY:_____SM_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KEVIN E. HASHIMOTO,<br><br>Plaintiff,<br><br>v.<br><br>FERDINAND PERMALINO and LASER TECHNOLOGIES PACIFIC,<br><br>Defendants. | Superior Court Case No. CV0490-22<br><br><br>DECISION AND ORDER RE APPLICATION FOR DEFAULT JUDGMENT |

This matter came before the Honorable Dana A. Gutierrez on August 1, 2023 and August 22, 2023 for default hearings upon the Application for Default Judgment ("Application"), filed by Kevin E. Hashimoto ("Plaintiff"). Present at the hearings were Plaintiff with counsel Attorney Sean Brown. Upon hearing the position of the Plaintiff and review of applicable Guam law, the Court hereby **DENIES** Plaintiff's Application.

## BACKGROUND

On September 14, 2022, Plaintiff filed his Complaint against Ferdinand Permalino ("Permalino") and Laser Technologies Pacific ("Laser") (collectively, "Defendants"). Plaintiff alleges five causes of action: (1) Declaratory Relief - Sole Proprietorship Defendant Permalino and Laser; (2) Money Loaned; (3) Money Had and Received; (4) Unjust Enrichment; and (5) Confession of Judgment.

On February 16, 2023, the Clerk of Court issued an Entry of Default against Permalino and Laser, finding Defendants had been served with process and failed to appear and answer. On April 19, 2023, Plaintiff filed his Application and Declaration of Kevin E. Hashimoto in Support

of Motion for Default Judgment Pursuant to Guam Rules of Civil Procedure 55 ("Hashimoto's Declaration").

At the default hearings, Plaintiff testified regarding his Application and damages. At the August 22, 2023 default hearing, the Court ordered Plaintiff to file a brief regarding the applicable interest rate, and informed Plaintiff that the Court would take the matter under advisement upon receipt of that brief. Minute ("Min.") Entry, 10:18 AM (Aug. 22, 2023). On August 24, 2023, Plaintiff filed his Brief on Interest Rates ("Brief"). Upon filing of the Brief, the Court took the matter under advisement.

## DISCUSSION

### I.     The Clerk of Court's Entry of Default Was Improper

Guam Rules of Civil Procedure ("GRCP") Rule 55 governs default and default judgment. "The concepts of default and default judgment are distinct and must be treated separately." *Adams v. Duenas*, 1998 Guam 15 ¶ 2. GRCP Rule 55 provides "a 'two-step process' for the entry of judgment against a party who fails to defend first: first, the entry of default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011)) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).[1]

The Clerk of Court must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that failure is shown by an affidavit or otherwise." GRCP Rule 55(a). Generally, to plead or defend in a matter, "[a] defendant shall serve an answer within 20 days after the service of the

---

[1] *Mickalis Pawn Shop* references Rule 55 of the Federal Rules of Civil Procedure ("FRCP"). Guam's Rule 55 was adopted from FRCP Rule 55. GRCP Rule 55 SOURCE. "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the FRCP, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Est.*, 2018 Guam 4 ¶ 9 (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10).

2

summons and complaint upon that defendant." GRCP Rule 12(a). "It is well settled that when a default judgment is entered without proper service, such default is void." *Pineda v. Pineda*, 2005 Guam 10 ¶ 10.[2]

A. **Upon the Plaintiff's Motion, the Court Ordered Service by Publication and Mailing**

On September 9, 2022, two Declarations of Non-Service were filed, stating a duly sworn process server attempted but was unable to serve either Permalino or Laser. Plaintiff then moved the Court to serve Defendants by publication because "Defendants, after due diligence, cannot be found on Guam." Motion for an Order Directing Service by Publication at 1-2 (October 6, 2022). Plaintiff then filed an Amended Declaration of Non-Service, which stated that the licensed process server attempted to serve Permalino and Laser four times at two addresses on Guam, but was unable to effect service because Permalino is no longer residing at his last known address, and "[b]ased on information received from [Permalino's] father-in-law and court information, [Permalino] has moved back to the Philippines and is no longer on the island, and has been evading service from other creditors." Amended Decl. of Non-Service at 1-2 (Dec. 15, 2022). Additionally, Laser "is no longer in business, and possession of the office has been returned to the landlord of East-West Business Center and based on information and belief, it has been closed since August 31, 2021." *Id.* at 2.

At the December 21, 2022 hearing on the Motion for an Order Directing Service by Publication, Plaintiff stated that he has no known address for Defendants in the Philippines. Min. Entry, 9:16 AM (Dec. 21, 2022). Thus, based on the declarations of non-service and information

---

[2] The *Pineda* Court analyzed GRCP Rule 4(e), which governed service by publication. With the promulgation of the new rules of civil procedure on June 1, 2007, former Rule 4(e) became current Rule 4(o). Former Rule 4(e) and current Rule 4(o) are substantively identical in their requirements for service by publication.

3

provided at the hearing to the Court, the Court issued an Order Directing Service of Summons by Publication ("Order Re Publication") on December 23, 2022.

### B.  Plaintiff Properly Published the Summons

7 GCA § 14106 and GRCP Rule 4(o) govern proper service by publication when a party cannot be found within Guam. When a court order provides for service of a summons by publication, "service must be made by publication in a newspaper of general circulation for a period of time prescribed by the court." GRCP Rule 4(o). The Court ordered, "[s]ervice on said Defendants shall be made by publication of the summons in a newspaper of general circulation within the territory of Guam for three (3) consecutive days." Order Re Publication at 1. Plaintiff published copies of the Summons in the Guam Daily Post on December 31, 2022, January 1, 2023, and January 2, 2023. Decl. of Publication at Exhibit A (Jan. 6, 2023). Therefore, Plaintiff complied with the Court's Order Re Publication and GRCP Rule 4(o) in his publication of the Summons.

### C.  Plaintiff Failed to Properly Mail the Summons and Complaint

7 GCA § 14106 and GRCP Rule 4(o) provide a mailing requirement for proper service by publication. 7 GCA § 14106 and GRCP Rule 4(o) share identical language: "[s]ervice by mail must be accomplished by any form of U.S. postal delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only." In this matter, the Court's Order Re Publication tracked the language of 7 GCA § 14106 and GRCP Rule 4(o) by stating service on said Defendants shall be made "by mailing by any form of U.S. Postal Delivery that provides for written proof of mailing, written proof of delivery, and restricted delivery to the addressee only." Order Re Publication at 1. The Supreme Court of Guam has "adopted a rule of strict compliance of the statutory service requirements" when serving by publication and mailing. *Mariano v. Surla*, 2010 Guam 2 ¶ 18 (referencing *Pineda*, 2005 Guam

4

10). In other words, "Guam law requires that service by mail comply with all three requirements:" (1) written proof of mailing, (2) written proof of delivery, and (3) restricted delivery. *Pineda*, 2005 Guam 10 n. 6; *see also Mariano*, 2010 Guam 2 ¶ 17.

To prove proper mailing, Plaintiff must demonstrate that "a copy of the summons (notice or order) and the complaint were deposited with the U.S. Post Office." GRCP Rule 4(o); *see also* 7 GCA § 14106 (the "court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons.").[3] Plaintiff alleged that he caused a copy of the Summons to be sent to Defendants' last known addresses through United States Postal Service ("USPS") Registered Mail and filed a copy of the USPS registered mail receipts. Decl. of Mailing at Exhibit A (Jan. 6, 2023). However, Plaintiff does not allege that he mailed the Complaint. Therefore, the Court cannot verify that Plaintiff complied with the first requirement of written proof of mailing of the Summons *and* Complaint.

Second, Plaintiff failed to demonstrate compliance with the requirement of proof of delivery to Permalino. In *Pineda*, the Supreme Court found that plaintiff's declaration that his attorney served defendant by return receipt mail at her last known address was insufficient to prove compliance with the mailing requirement because "there [was] no way to verify [plaintiff's] declaration that Return Receipt was used." *Pineda*, 2005 Guam 10 ¶ 17 (compare *Mariano*, 2010 Guam 2, holding that plaintiff's mailing was sufficient because it was sent by registered mail using restricted delivery and plaintiff filed return receipts showing defendant's signature).[4]

---

[3] The Court's Order Re Publication addressed Plaintiff's requirement to mail the Summons, but not the Complaint. Nevertheless, Plaintiff is required to comply with GRCP Rule 4(o) and7 GCA § 14106. *See Pineda*, 2005 Guam 10 ¶ 13 (holding that although the court's order did not address service by mailing, the plaintiff was required to mail in accordance with Guam law).

[4] In *Mariano*, the Court addressed the argument that the return receipts were insufficient because they did not include the article number. The Court held that other evidence filed in the case, including the copies

In this matter, Plaintiff declared that he requested return receipts of the mailings. Decl. of Mailing at 2. Additionally, Plaintiff's proof of mailing indicates an additional fee was charged for the return receipt. *Id.* at Exhibit A. Plaintiff alleged that his registered mail "addressed to [Laser] was returned to sender on January 3, 2022," and Plaintiff filed a copy of the receipt. *Id.* at Exhibit B. However, Plaintiff did not file any evidence of proof of delivery regarding the mailing to Permalino. Therefore, the Court cannot verify proof of delivery to Permalino.

Further, Plaintiff did not demonstrate compliance with the requirement of restricted delivery. The *Pineda* Court held that the record did not support that the plaintiff had complied with the mailing requirement of restricted delivery because "the envelope and [plaintiff's] Declaration do not indicate use of Restricted Delivery service, as required by Guam law." *Pineda,* 2005 Guam 10 ¶ 17. In *Mariano,* the Supreme Court indicated that registered mail satisfied the requirement of proof of mailing, but that Guam law also requires proof of delivery and restricted delivery. *Mariano,* 2010 Guam 2 ¶ 20.

In this matter, Plaintiff mailed the documents via registered mail, but Plaintiff does not allege that he mailed the documents using restricted delivery. Decl. of Mailing at Exhibit A. Further, Plaintiff's receipts from USPS for the mailing to Defendants indicates "$0.00" was paid for the additional service of restricted delivery. *Id.* Finally, the copy of the returned mail to Laser indicates that the "service type" for this mailing was "Registered Mail," and not the other available option of "Registered Mail Restricted Delivery." *Id.*

---

of the return receipts, established proof of delivery. *Mariano,* 2010 Guam 2 ¶ 21. The Court noted that "the better practice when service is made by mail would be to fully complete the receipt for registered mail and the return receipt card." *Id.*

Therefore, the Court cannot verify that the Plaintiff served Defendants in accordance with GRCP Rule 4(o) and 7 GCA § 14106. Because the Plaintiff failed to demonstrate proper service by mail, the Clerk of Court's Entry of Default is void.

If Plaintiff wants to pursue judgment by default, Plaintiff must cure his failure to serve Defendants by mail in accordance with 7 GCA § 14106 and GRCP Rule 4(o). If Plaintiff properly serves Defendants by mail in this matter and accordingly receives an entry of default from the Clerk of Court, Plaintiff may file a renewed application for default judgment.[5] The Plaintiff has properly served publication of the Summons.

## CONCLUSION

The Court hereby **DENIES** Plaintiff's Application. The Clerk of Court's February 16, 2023 Entry of Default is void and is hereby **VACATED**. A status hearing shall be held in this matter on **January 30, 2024 at 9:00 a.m.**

SO ORDERED: _____DEC 2 6 2023_____.

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

---

[5] Because Plaintiff has failed to properly serve Defendants, the Court shall not address the issue of damages at this time.